IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CARLUS R. EVANS,

    Petitioner,                         No. 2:11-cv-2245 JAM CKD P

    vs.

GARY SWARTHOUT,

    Respondent.                    FINDINGS AND RECOMMENDATIONS

        Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His only remaining claim is that a violation of the Constitutional prohibition against ex post facto laws occurred when, at his 2010 parole hearing, his next parole hearing was scheduled for 2015. Respondent has filed a motion to dismiss.

        Respondent argues that petitioner's remaining claim should be dismissed for failure to exhaust state court remedies. The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971).

/////

1

1  Respondent asserts and petitioner admits that he has not presented his ex post
2  facto claim to the California Supreme Court.  Petitioner suggests that the court should excuse his
3  failure to exhaust.  However, he fails to point to any valid reason for doing so or any law
4  indicating the court has that ability.  Therefore, respondent is entitled to dismissal of this claim
5  pursuant to 28 U.S.C. § 2254(b)(1).
6  In light of the foregoing, the court will recommend that respondent's motion to
7  dismiss be granted and the court need not respond to the other argument put forth by
8  respondent's counsel in the motion.[1]
9  In accordance with the above, IT IS HEREBY RECOMMENDED that:
10  1.  Respondent's May 17, 2012 motion to dismiss be granted;
11  2.  Petitioner's application for writ of habeas corpus be dismissed; and
12  3.  This case be closed.
13  These findings and recommendations are submitted to the United States District
14  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-
15  one days after being served with these findings and recommendations, any party may file written
16  objections with the court and serve a copy on all parties.  Such a document should be captioned
17  "Objections to Magistrate Judge's Findings and Recommendations."  In his objections petitioner
18  may address whether a certificate of appealability should issue in the event he files an appeal of
19  the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district
20  court must issue or deny a certificate of appealability when it enters a final order adverse to the
21  applicant).  Any reply to the objections shall be served and filed within fourteen days after
22  service of the objections.  The parties are advised that failure to file objections within the

---

[1] Petitioner is informed that there is a 42 U.S.C. § 1983 class action pending in this court where it is alleged that "Marsy's Law" violates the Ex Post Facto Clause of the Constitution.  The name of the case is Gilman v. Fisher, CIV-S-05-0830 LKK GGH P and the class of persons identified as plaintiffs in that action consist of California prisoners serving indeterminate sentences, who are eligible for parole and who have been denied parole on one or more occasion.  March 4, 2009 Order at 9.  It appears petitioner is a member of that class.

1  specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951

2  F.2d 1153 (9th Cir. 1991).

3  Dated: June 22, 2012

4  _____
CAROLYN K. DELANEY
5  UNITED STATES MAGISTRATE JUDGE

---

1
evan2245.dis